U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

APR 0 5 2016

TONY R. MOORE  CLERK
BY _____
          DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| | |
|---|---|
| EARNEST KELLY, ET AL., Plaintiffs | CIVIL ACTION NO. 1:16-CV-00012 |
| VERSUS | CHIEF JUDGE DRELL |
| RICHARD RIDER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

At a hearing before the undersigned on April 4, 2016, counsel for Plaintiffs objected to the Demand for Trial by Jury filed by Defendants on March 24, 2016 (Doc. 22).

I.  Rule 38 of the Federal Rules of Civil Procedure

Rule 38(b) of the Federal Rules of Civil Procedure states that "[o]n any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand - which may be included in a pleading - no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)."

After review, the Court finds only two instances where a jury demand was mentioned. The first instance is found on the Civil Cover Sheet filed with the Notice of Removal (Doc. 1-1). In Section VII of the Civil Cover Sheet, Defendant checked "yes" to indicate a jury demand was made in the complaint. However, no jury demand appears in the complaint. The Fifth Circuit has held that "the mere appearance of the words 'jury requested' on the docket cover sheet is insufficient to preserve the right to a jury trial absent a showing that rule 81(c) or rule 38 has, in fact, been

complied with." Houston N. Hosp. Properties v. Telco Leasing, Inc., 688 F.2d 408, 410 (5th Cir. 1982).

The second instance is the Demand for Trial by Jury filed by Defendants on March 24, 2016 (Doc. 22). A party may demand a jury trial by serving the other party with a written demand no later than 14 days after the last pleading directed to the issue is served. Plaintiffs filed a Third Supplemental and Amended Complaint on March 17, 2016 (Doc. 19). A prior Supplemental and Amended Complaint was filed on March 4, 2016, outside of that 14-day window (Doc. 14).

"An amendment not introducing a new issue will not give rise to a right to demand for a jury trial." Daniel Intern Corp. v. Fischbach & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir. 1990) (citing Guajardo v. Estelle, 580 F.2d 748, 753 (5th Cir. 1978). "The amendment must introduce a new issue and not merely add a new theory of recovery." Daniel Intern. Corp. at 1064 (citing Fredieu v. Rowan Companies, Inc., 738 F.2d 651, 653 (5th Cir. 1984).

Plaintiffs' Third Supplemental and Amended Complaint amended paragraph 14 regarding Plaintiff Earnest Kelly's loss of consortium claim to add "society and services performed by plaintiff, Ursula Kelly." Otherwise, it is substantially the same as the amended paragraph 14 found in the First Amended and Supplemental Complaint (Doc. 8). The amendment does not introduce a new issue. Therefore, it does generate a right to a jury trial demand.

II.  Rule 81 of the Federal Rules of Civil Procedure

Although Defendants filed their jury demand pursuant to Federal Rule of Civil Procedure 38, Federal Rule of Civil Procedure 81 also applies to removed actions.

2

Rule 81 states in pertinent part that "[a] party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." Louisiana Code of Civil Procedure Article 1733 enumerates the procedures to demand a jury trial, stating that "[a] party may obtain a trial by jury by filing a pleading demanding a trial by jury and a bond in the amount and within the time set by the court pursuant to Article 1734."

After review of the Petition for Damages and the Answer to Petition for Damages and Request for Notice (Docs. 1, 10-1), the Court located no demand for a jury trial. Furthermore, Louisiana law required an express demand for jury trial in this case. None was made before removal

Accordingly, **IT IS ORDERED** that the Demand for Trial by Jury (Doc. 22) filed by Defendants on March 24, 2016, be, and hereby is, stricken from the record.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___5___ day of April, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge