RECEIVED

MAR 2 9 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EARNEST KELLY, URSULA KELLY AND ELISIE POREE | CIVIL ACTION NO. 1:16-CV-00012 |
| -vs- | JUDGE DEE DRELL |
| RICHARD RIDER, LIBERTY MUTUAL INSURANCE COMPANY, and UNITED RECOVERY SYSTEMS, L.P. | MAGISTRATE JUDGE PEREZ-MONTES |

## RULING

Before the Court is the motion of plaintiffs Earnest and Ursula Kelly ("Plaintiffs") for summary judgment.  (Doc. 40).  All responsive pleadings have since been filed (Doc. 42), and the matter is ready for disposition.  For the following reasons, Plaintiffs' Motion for Summary Judgment will be **DENIED**.

## I.      Background and Procedural History

Defendants Richard Rider ("Mr. Rider"), his employer United Recovery Systems, ("URS") and Liberty Mutual Insurance Company (collectively, "Defendants") removed this suit pursuant to diversity jurisdiction under 28 U.S.C. §1332.  Plaintiffs filed the original action on September 15, 2015 in Alexandria City Court, and subsequently transferred the suit to the 9th Judicial District Court (Rapides Parish, Louisiana) on November 25, 2016 by alleging plaintiffs' damages in excess of $50,000.  (Doc. 1, p. 2).  Defendants then removed suggesting complete diversity between the parties, as the Plaintiffs' domicile is Louisiana, Mr. Rider's domicile is Nebraska, Liberty Mutual Insurance Company's state of incorporation is Massachusetts, and URS is domiciled in Texas

1

and/or Delaware. (Doc. 1, p. 4; Doc. 50). Defendants also urged that Plaintiffs claim damages in excess of $75,000, fulfilling the monetary requirement for diversity jurisdiction. (Doc. 1, p. 4).

This suit arises out of a motor vehicle accident that occurred at the South traffic circle in Alexandria, Louisiana on November 18, 2014. (Doc. 1, p. 2). The undisputed facts are few. Ms. Kelly and her passenger were proceeding northbound on MacArthur Drive, and Mr. Rider, who was in town for business, followed directly behind them. (Doc. 1, p. 3). Plaintiff's vehicle approached the traffic circle and came to a complete stop. (Doc. 1-2, p. 2). Mr. Rider failed to stop in time and ran into the back of Plaintiffs' vehicle. (Doc. 42, p. 1-2). A policeman, who witnessed the entire accident, did not issue tickets to either party. (Doc. 42, p.2).

Plaintiffs' motion for summary judgment argues that Mr. Rider was solely at fault for the automobile collision in the course and scope of his employment with URS. (Doc. 40-2, p. 1). Defendants oppose the motion arguing there are genuine disputes of material fact remaining relating to the negligence of both parties and whether Mr. Rider was in the course and scope of his employment at the time of the accident. (Doc. 42). Plaintiffs did not file a timely reply to Defendants' opposition; therefore, the record is complete and after carefully considering the evidence and briefs, we observe the following:

## II.    Law and Analysis

### A.  Summary Judgment Standard

The Court notes that Plaintiffs incorrectly cite to Louisiana procedural rules in their motion for summary judgment. As this case is heard in federal court, the Federal Rules of Civil Procedure apply. The Federal Rules of Civil Procedure provide that a court "shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A motion for summary judgment must be

supported by "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A).  A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011) (internal quotations omitted).  In this analysis, we review facts and draw all inferences most favorable to the nonmovant, "[h]owever, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996).  It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

**B. Analysis**

In this instance, Plaintiffs fail to show that there is no genuine dispute as to any material fact.  In support of their motion, Plaintiffs' attached portions of Mr. Rider's deposition and earlier drafts of filed petitions for damages. (Doc. 40-2, p. 3; Docs. 40-3, 40-4, 40-5, 40-6).  This limited supporting documentation fails to show an absence of genuine dispute of material facts, but merely re-iterates Plaintiffs' petition claims.  While Plaintiffs selected portions of Mr. Rider's deposition describing his action of hitting Plaintiffs' vehicle in the rear when approaching the traffic circle (Doc. 40-2, p. 4), this evidence actually reflects disputes of material fact; such as Plaintiffs' testimony concerning the Mr. Rider's inability to stop juxtaposed with Mr. Rider's testimony that Plaintiffs stopped short and unexpectedly when there was no traffic approaching.  Furthermore,

3

there is a genuine dispute regarding allegations of negligence and the liability of Mr. Rider if he did breach the duty of care when observing traffic on the traffic circle. (Doc. 40-2, p. 4). Additionally, a policeman, who had not been deposed as of the time of the filing of Plaintiffs' motion, witnessed the accident and did not issue a ticket for either party.  (Doc. 42, p. 5).  This direct conflict in Plaintiffs' and Defendants' testimonies does create a genuine dispute of material fact that should be submitted before the trier of fact.

Furthermore, Plaintiffs claim Mr. Rider was in the course and scope of his employment at the time of the accident, but fail to provide any supporting evidence.  Mr. Rider's statement that he was in Alexandria on business does not establish he was operating the vehicle in the course and scope of his employment at the time of the accident; no documentation nor affidavits to that effect were submitted.  Thus, a potentially dispositive question remains whether Mr. Rider was within the course and scope of his employment at the time of the accident.

Plaintiffs claim Mr. Rider breached the standard of care as a following motorist in a rear end collision and is completely at fault for the accident.  Indeed, a following motorist in a rear end collision is presumed negligent. Tyler v. Old American County Mut. Fire Ins. Co. No. Civ. A. 05-1308, 2006 WL 861183, at *1 (E.D. La. 2006).  However, this is a rebuttable presumption if the motorist can prove: 1) he had his vehicle under control, 2) he closely observed the preceding vehicle, and 3) he followed a safe distance under the circumstances.  Id.  In this case, Mr. Rider may be presumed negligent because he hit the Plaintiffs' vehicle while driving; but he can rebut this presumption.  A police officer who witnessed the incident and has yet to be deposed did not issue a ticket for the accident and there is conflicting testimony as to whether there was incoming traffic seen by the Plaintiffs but not observed by Mr. Rider.  In other words, nothing has been shown as to why Plaintiff stopped unexpectedly since Mr. Rider claims there was no good reason.

Because of the existence of conflicting testimony and the lack of the police officers' deposition which could lead to Mr. Rider being able to rebut the presumption of liability, the Court finds there are genuine disputes of material fact and Plaintiffs are not entitled to summary judgment as a matter of law.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment will be **DENIED**,

**SIGNED** on this 28 day of March, 2017 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT